THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
ZOEY P. MERRILL (California State Bar No. 268331)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Proposed Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

JESSE ELIAS BANUELOS, JR. and
DOREEN JUNE BANUELOS,

    Debtors.

NO: 10-42840-D-7

DC No.: SLF 3

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL PROPERTY AT PUBLIC AUCTION AND COMPENSATE THE AUCTIONEER**

Date: December 1, 2010
Time: 10:00 a.m.
Place: Department D
The Honorable Robert S. Bardwil

Chapter 7 Trustee Gary R. Farrar respectfully moves for the following:

1. Authorization to sell at public auction the estate's nonexempt interest in five vehicles identified in the auction agreements and described below. (Farrar Decl., Ex. A).

2. Authorization to compensate the auctioneer as follows:

    (i) 15 percent commission;

    (ii) Reimbursement of reasonable expenses, if any, incurred in preparing the vehicles for sale; and

    (iii) 12 percent fee from the successful bidder.

The Trustee believes the sale of the Vehicles is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

## BACKGROUND FACTS

1. On August 26, 2010, the Debtors filed this case. Gary R. Farrar was appointed Chapter 7 Trustee.

2. The Debtors identified 18 vehicles in their Schedule B. (Farrar Decl., ¶ 2).

3. On October 11, 2010, the Debtors delivered five of the 18 vehicles to the Trustee at Ernst's Auction Park (five vehicles the Debtors delivered are referred to as the "Vehicles"). The Debtors valued the Vehicles and claimed exemptions under California Code of Civil Procedure Section 703.140(b)(5) as follows:

    i) 2003 Jeep valued at $ 7361 and claimed $0 of it exempt;

    ii) 2002 Honda XR50 valued at $58.77 and claimed $500 exempt;

    iii) 2003 Harley Davidson valued at $10,000 and claimed $0 of it exempt;

    iv) 2002 Honda dirtbike valued at $900 and claimed $0 of it exempt; and

    v) 2002 Honda Xtreme valued at $500 and claimed $0 of it exempt.

(Farrar Decl., ¶ 3).

## SALE OF THE VEHICLES AT PUBLIC AUCTION

4. The Trustee believes, based on his knowledge and on the evaluation of the Vehicles by Ernst, that there is equity in the Vehicles and a sale of the Vehicles at public auction is the best method of liquidating it for the benefit of the estate. (Farrar Decl., ¶ 4).

5. On October 22, 2010, the Trustee filed an application to employ Ernst, the hearing on which is scheduled for the same calendar as this motion, on December 1, 2010.

6. The Trustee believes that by using a public auction process, the Vehicles will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Ernst engages in extensive advertising, including highway billboards, television, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Farrar Decl., ¶ 5).

7. If the Court approves this Motion, the Trustee intends to sell the Vehicles at public auction at Ernst's first available auction date. The Vehicles will be sold on an "AS IS" basis without any warranty. The proposed public sales will be held on the first available Saturday after the Court approves this motion, at 9:00 a.m. at Ernst, located at 824 Kiernan Avenue, Modesto, California 95356. Interested persons may inspect the Vehicles at Ernst on the Friday before the sales between 9:00 a.m. and 4:00 p.m. Information regarding the sales or subsequent sales dates, if any, may be obtained by telephoning Ernst, at (209) 527-7399. (Farrar Decl., ¶ 6).

8. The Trustee intends to accept the highest reasonable bid for the Vehicles. If, in the exercise of the Trustee's business judgment, no reasonable bid is received, the Vehicles may be held for subsequent auction or private sales without additional notice. (Farrar Decl., ¶ 7).

9. The Trustee believes the sale of the Vehicles at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Farrar Decl., ¶ 8).

MOTION FOR AUTHORIZATION
TO SELL PROPERTY AND
COMPENSATE THE AUCTIONEER

3

## AUCTIONEER COMPENSATION

10. As set forth in the concurrently filed application to employ Ernst, Ernst's compensation is proposed to be 1) a 15 percent commission, 2) reimbursement of reasonable expenses, if any, incurred in preparing the Vehicles for sale, and 3) a 12 percent buyer's fee. (Farrar Decl., ¶ 9).

11. In this motion, the Trustee is seeking authorization to pay Ernst directly from the proceeds of sales and for Ernst to collect the buyer's fee directly from the buyers. The Trustee believes that this is a customary practice for the auction sale of personal property and that it encourages the use of auction professionals to assist with bankruptcy sales of property. The Trustee will file a report of each sale with the Court. (Farrar Decl., ¶ 10).

12. The Trustee believes the sale of the Vehicles at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Farrar Decl., ¶ 11).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Vehicles at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (15 percent seller's commission, reasonable expenses, and 12 percent buyer's fee), and grant such other and further relief as is appropriate.

Dated: October 25, 2010

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Proposed Attorneys for Chapter 7 Trustee,
GARY R. FARRAR

MOTION FOR AUTHORIZATION
TO SELL PROPERTY AND
COMPENSATE THE AUCTIONEER

4